UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFONSO RAMOS ANGULO, WEYMAR POTES, RAMON ANTONIO ABREU VELASQUEZ, RENNY JOSE VELASQUEZ<br><br>Plaintiffs,<br><br>- against –<br><br>NEW FAST EXPERT MANAGEMENT CORP d/b/a Fast Track Management Corp., NFT EXPERT MANAGEMENT CORP., FAST TRACK EXPRESS & CARGO SERVICES, INC., SFA EXPERT MANAGEMENT CORP., FAST TRACK EXPRESS INC., NAILA ANWAR, EBEZA ALI a/k/a Ali W. Ebeza, SYED ATIF NAQVI A/K/A SYED ATIF ABBAS, SHAWN ZAIDI and SYED TASHFAIN KAZMI<br><br>Defendants. | Index No.:<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiffs Alfonso Ramos Angulo, Weymar Potes, Ramon Antonio Abreu Velasquez, Renny Jose Velasquez ("Plaintiffs") by and through their attorneys, Law Offices of Colin Mulholland and Naydenskiy Law Firm, LLC, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

<u>PRELIMINARY STATEMENT</u>

1.       Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 <u>et</u> <u>seq</u>. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

1

2.     Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2.  Plaintiffs seek, for themselves and all other similarly situated employees, unpaid overtime, retained gratuitous, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.     Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6.     The Defendants operate shipping warehouses at two locations where the Plaintiffs and other similarly situated employees worked as clerks and laborers moving and assembling packages and pallets of goods for storage.  These warehouses were located at each 182-8 149th Ave, Springfield Gardens, NY 11413 and 23039 International Airport Center Blvd. Springfield Gardens, NY 11413.

7. Defendants operated through a range of corporate entities that they used interchangeably between the two locations.

8. Plaintiff Alfonso Ramos Angulo ("Plaintiff") was employed by Defendants at warehouses owned and operated by Defendants from approximately April 2023 through approximately April 2024 .

9. Plaintiff Weymar Potes ("Plaintiff") was employed by Defendants at warehouses owned and operated by Defendants from approximately September 2023 through approximately June 2024.

10. Plaintiff Ramon Antonio Abreu Velasquez ("Plaintiff") was employed by Defendants at warehouses owned and operated by Defendants from June 2023 through approximately June 2024.

11. Plaintiff Renny Jose Velasquez ("Plaintiff") was employed by Defendants at warehouses owned and operated by Defendants from approximately June 2023 through approximately June 2024.

12. Plaintiffs consent to being party Plaintiff pursuant to 29 U.S.C. § 216(b).

13. Defendant NAILA ANWAR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant NAILA ANWAR is being sued individually in his/her capacity as owner, officer and/or agent of Defendants NEW FAST EXPERT MANAGEMENT CORP d/b/a Fast Track Management Corp., FAST TRACK EXPRESS & CARGO SERVICES, INC., SFA EXPERT MANAGEMENT CORP., NFT EXPERT MANAGEMENT CORP. and FAST TRACK EXPRESS INC.

14. Defendant NAILA ANWAR possessed substantial control over Plaintiffs' working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of the Plaintiffs.

15. Defendant NAILA ANWAR had the power to hire and fire Plaintiffs and other employees of the Defendants.

16. Defendant NAILA ANWAR had the authority to set Plaintiffs' schedules.

17. Defendant NAILA ANWAR had the power to and did review and control the payroll records and documents relating to Plaintiffs.

18. Defendant NAILA ANWAR was the signatory on the checks issued to Plaintiffs.

19. Defendant NAILA ANWAR set the pay practices and policies at issue in this lawsuit such as the policy of paying a fixed day rate.

20. Defendant NAILA ANWAR reviewed and controlled the financial records at the warehouses including payroll records and documents recording Plaintiffs' wages and hours worked.

21. Defendant NAILA ANWAR implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiffs' pay in an effort to thwart Plaintiffs from vindicating their rights under federal and state labor laws.

22. Defendant NAILA ANWAR had the final word with other Defendants on all business decisions at the warehouses including which contracts to enter into on behalf of the business.

23. Defendant NAILA ANWAR directed their management to implement the pay practices at issue in this lawsuit.

24. Defendant EBEZA ALI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant EBEZA ALI is being sued individually in his/her capacity as owner, officer and/or agent of Defendants NEW FAST EXPERT MANAGEMENT CORP d/b/a Fast Track Management Corp., FAST TRACK EXPRESS & CARGO SERVICES, INC., NFT EXPERT MANAGEMENT CORP., SFA EXPERT MANAGEMENT CORP. and FAST TRACK EXPRESS INC.

25. Defendant EBEZA ALI possessed substantial control over Plaintiffs' working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of the Plaintiffs.

26. Defendant EBEZA ALI had the power to hire and fire Plaintiffs and other employees of the Defendants.

27. Defendant EBEZA ALI had the authority to set Plaintiffs' schedules.

28. Defendant EBEZA ALI hired the Plaintiffs and performed their interviews.

29. Defendant EBEZA ALI controlled and set the Plaintiffs schedules including which shifts the Plaintiffs would take no any given day and setting their work location.

30. Defendant EBEZA ALI supervised the activities of the warehouses on a regular basis.

31. Defendant EBEZA ALI issued Plaintiffs their weekly pay checks at the end of the week.

32.     Defendant SYED ATIF NAQVI A/K/A SYED ATIF ABBAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SYED ATIF NAQVI A/K/A SYED ATIF ABBAS is being sued individually in his/her capacity as owner, officer and/or agent of Defendants NEW FAST EXPERT MANAGEMENT CORP d/b/a Fast Track Management Corp., FAST TRACK EXPRESS & CARGO SERVICES, INC., NFT EXPERT MANAGEMENT CORP., SFA EXPERT MANAGEMENT CORP. and FAST TRACK EXPRESS INC.

33.     Defendant SYED ATIF NAQVI A/K/A SYED ATIF ABBAS possessed substantial control over Plaintiffs' working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of the Plaintiffs.

34.     Defendant SYED ATIF NAQVI A/K/A SYED ATIF ABBAS had the power to hire and fire Plaintiffs and other employees of the Defendants.

35.     Defendant SYED ATIF NAQVI A/K/A SYED ATIF ABBAS had the authority to set Plaintiffs' schedules.

36.     Defendant SYED ATIF NAQVI A/K/A SYED ATIF ABBAS supervised the Plaintiffs in the warehouse on a regular basis.

37.     Defendant SYED ATIF NAQVI A/K/A SYED ATIF ABBAS had the power to discipline and directed Plaintiffs and other workers in the warehouses.

38.     Defendants grossed, individually and combined, more than $500,000.00 in each of the last six calendar years.

39. The Defendants operate with interchangeable closely held corporations that are each controlled together with and by Naila Anwar, Syed Kazmi, Shawn Zaidi.

40. Defendants willfully and maliciously directed their managers to pay sub-standard wages and to create false misleading time and pay records.

41. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

42. Defendants at all times had more than eleven (11) employees.

43. Plaintiffs and other similarly situated employees and/or the Defendants enterprise were directly engaged in interstate commerce. For example, numerous cargo shipments, lifting and carrying tools, cleaning solvents and other items were used and sold daily at the warehouses were produced outside the State of New York.

44. Plaintiffs were individually engaged in interstate commerce by handling goods shipped in interstate commerce.

**NOTICE PURSUANT TO
N.Y. BUSINESS CORPORATION LAW §§ 624 & 630**

45. Plaintiffs hereby demand, pursuant to N.Y. Business Corporation Law § 624(b), the opportunity to examine Defendants NEW FAST EXPERT MANAGEMENT CORP d/b/a Fast Track Management Corp., FAST TRACK EXPRESS & CARGO SERVICES, INC., SFA EXPERT MANAGEMENT CORP., NFT EXPERT MANAGEMENT CORP. and FAST TRACK EXPRESS INC. books and record(s)

containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

46.     Pursuant to N.Y. Business Corporation Law § 630, Plaintiff hereby gives notice to the ten largest shareholders of Defendants NEW FAST EXPERT MANAGEMENT CORP d/b/a Fast Track Management Corp., FAST TRACK EXPRESS & CARGO SERVICES, INC., SFA EXPERT MANAGEMENT CORP., NFT EXPERT MANAGEMENT CORP. and FAST TRACK EXPRESS INC with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally and personally liable for all unpaid debts, wages and salaries owed to Plaintiffs.

## FACTUAL ALLEGATIONS

47.     Defendants operate warehouses where goods are loaded and unloaded and stored in international transportation connected with JFK airport.

48.     At all times relevant hereto, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs and the Class Members as non-exempt employees.

49.     Defendants typically scheduled Plaintiffs and other class members to work between 5 – 7 days per week at a fixed day rate that did not include a premium for their overtime hours.

50.     Defendants paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class members a daily rate of pay.

51.     Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly worked in excess of a 40 hour work week.

52.     Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members an overtime premium for all hours worked in excess of 40.

53.     Thus, Plaintiffs and the FLSA Collective Plaintiffs were not compensated for all of the time spent working after their shift end time.

54.     Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

55.     Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

56.     Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

57.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week.  Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

58.     Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

59.     Plaintiffs and other similarly situated employees were damaged by the Defendants failure to keep accurate records of their time and pay because the Plaintiffs

were prevented from precisely monitoring their hours worked relative to their pay received, and, inter alia, the Defendants' improper record keeping compromised their ability to document their income and employment history.

Alfonso Ramos Angulo

60.     Throughout his/her employment with defendants, Plaintiff Alfonso Ramos Angulo was employed as a Warehouse worker in the Warehouse located at 182-8 149th Ave, Springfield Gardens, NY 11413 and 23039 *International Airport Center* Blvd. Springfield Gardens, NY 11413.

61.     Plaintiff Alfonso Ramos Angulo's work was supervised and his/her duties required neither discretion nor independent judgment.

62.     Plaintiff Alfonso Ramos Angulo regularly worked in excess of 40 hours per week.

63.     Plaintiff Alfonso Ramos Angulo worked from approximately April 2023 until on or about April 2024.

64.     Defendants paid Plaintiff Alfonso Ramos Angulo a fixed day rate of $140 per day that did not include a premium for his overtime hours.

65.     Approximately every other week of the month, Plaintiff Alfonso Ramos Angulo worked 7 days a week. Plaintiff Alfonso Ramos Angulo worked between 5 and 6 days per week during the other two weeks of the month.

66.     Plaintiff Alfonso Ramos Angulo worked between five (5) to (7) days per week from 11:00 A.M. until 8:00 P.M.

67. No proper notification was given to Plaintiff Alfonso Ramos Angulo regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

68. Defendants never provided Plaintiff Alfonso Ramos Angulo with each payment of wages a proper statement of wages, as required by NYLL 195(3).

69. Defendants failed to provided Plaintiff Alfonso Ramos Angulo all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

Weymar Potes

70. Throughout his/her employment with defendants, Plaintiff Weymar Potes was employed as a clerk and laborer from approximately September 2023 until on or about June 16, 2024.

71. Plaintiff Weymar Potes's work was supervised and his/her duties required neither discretion nor independent judgment.

72. Plaintiff Weymar Potes regularly worked in excess of 40 hours per week.

73. Defendants paid Plaintiff Weymar Potes a fixed day rate of $140 per day that did not include a premium for his overtime hours.

74. Plaintiff Weymar Potes worked between five (5) to (7) days per week from 11:00 A.M. until 8:00 P.M.

75. No proper notification was given to Plaintiff Weymar Potes regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

76.     Defendants never provided Plaintiff Weymar Potes with each payment of wages a proper statement of wages, as required by NYLL 195(3).

77.     Defendants failed to provided Plaintiff Weymar Potes all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

Ramon Antonio Abreu Velasquez

78.     Throughout his/her employment with defendants, Plaintiff Ramon Antonio Abreu Velasquez was employed as a clerk and laborer.

79.     Plaintiff Ramon Antonio Abreu Velasquez's work was supervised and his/her duties required neither discretion nor independent judgment.

80.     Plaintiff Ramon Antonio Abreu Velasquez regularly worked in excess of 40 hours per week.

81.     Plaintiff Ramon Antonio Abreu Velasquez worked for Defendants from on or about July 12, 2023 until on or about July 2024

82.     Plaintiff Ramon Antonio Abreu Velasquez worked between five (5) to (7) days per week from 9:00 P.M. until 6:00 A.M.

83.     Defendants paid Plaintiff Ramon Antonio Abreu Velasquez a fixed day rate of $140.00 per day without a premium for his overtime hours.

84.     No proper notification was given to Plaintiff Ramon Antonio Abreu Velasquez regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

85. Defendants never provided Plaintiff Ramon Antonio Abreu Velasquez with each payment of wages a proper statement of wages, as required by NYLL 195(3).

86. Defendants failed to provided Plaintiff Ramon Antonio Abreu Velasquez all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

Renny Jose Velasquez

87. Throughout his/her employment with defendants, Plaintiff Renny Jose Velasquez was employed as a Warehouse worker.

88. Plaintiff Renny Jose Velasquez's work was supervised and his/her duties required neither discretion nor independent judgment.

89. Plaintiff Renny Jose Velasquez regularly worked in excess of 40 hours per week.

90. Plaintiff Renny Jose Velasquez worked from approximately July 10, 2023 until on or about June 2024.

91. Defendants paid Plaintiff a fixed day rate of $140 without a premium for his overtime hours.

92. Plaintiff Renny Jose Velasquez worked between five (5) to (7) days per week from 9:00 P.M. until 6:00 A.M.

93. No proper notification was given to Plaintiff Renny Jose Velasquez regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

94.     Defendants never provided Plaintiff Renny Jose Velasquez with each payment of wages a proper statement of wages, as required by NYLL 195(3).

95.     Defendants failed to provided Plaintiff Renny Jose Velasquez all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

96.     Plaintiffs seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

97.     Plaintiffs consent to being a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

98.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt laborers and clerks employed by Defendants in New York on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

99.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime hours for all overtime hours worked. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

100.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

101.    The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

102.    Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

103.    Other non-exempt employees including clerks and other laborers should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide other non-exempt employees including laborers and clerks to receive notice of the action and allow them to opt in to such an action if they so choose.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

104.    Plaintiffs bring the Second, Third, Fourth, and Fifth claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover overtime wages, statutory, and other damages on behalf of all individuals employed in the State of New York by Defendants as non-exempt employees including laborers and clerks at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

105.    The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them,

are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

106. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of the Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least fifty members of the Class.

107. Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that Defendants failed to provide Class Members with proper notices and/or wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

108. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained Naydenskiy Law Group, P.C. and Colin Mulholland, Esq. who are competent and experienced employment litigators.

109. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

110.     Employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

111.    The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including:

   a.    Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

   b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

   c.    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

   d.    Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

   e.    Whether Defendants paid Plaintiffs and Class members overtime wages for all overtime hours worked;

   f.    Whether Defendants paid Plaintiffs and Class members minimum wages for all hours worked

   g.    Whether Defendants provided proper wage statements to Class members per requirements of the NYLL; and

   h.    Whether Defendants provided proper wage notices to Class members per requirements of the NYLL.

112.    Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

113.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

114.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

115.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

116.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

117.     Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

118.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

119.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

120.     Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

121. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

122. Plaintiffs and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

123. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

**THIRD CAUSE OF ACTION**

**(Failure to Pay Minimum Wage – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

124. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

125. At all times relevant to this action, Defendants were Plaintiffs' and Class Members' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs and Class Members, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

126. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs and Class Members less than the minimum wage.

127. Defendant's failure to pay Plaintiffs and Class Members the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

128. Plaintiffs and Class Members were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE
### REQUIREMENT OF THE NEW YORK LABOR LAW

129. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

130. Defendants failed to provide Plaintiffs and the Class Members with a written notice, in English and in Plaintiffs' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

131. Plaintiffs and the Class Members were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

132. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

133.     With each payment of wages, Defendants failed to provide Plaintiffs and the Class Members with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

134.     Plaintiffs and the Class Members were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants violated the recordkeeping requirements of the

NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Class members;

(m)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as damages for any improper deductions or credits taken against wages;

(n)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)    Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Enjoining Defendants from further violations of the NYLL and FLSA;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated: August 8, 2024

*/s/ Colin Mulholland*

Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019

*/s/ Gennadiy Naydenskiy*
Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiffs, Proposed*
*Collective Action Plaintiffs and*
*Proposed Class Members.*